## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | | |
|---|---|---|
| Gary Wheeler, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 5:15-cv-4995-PMD-KDW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiff Gary Wheeler's objections to United States Magistrate Judge Kaymani D. West's report and recommendation ("R & R") (ECF Nos. 28 & 23). The Magistrate Judge recommends that the Commissioner's decision be affirmed. For the reasons stated herein, the Court sustains Wheeler's first objection, does not adopt the R & R, vacates the ALJ's decision, and remands to the Commissioner for further proceedings consistent with this Order.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's recommendations and proposed findings within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with

instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Wheeler raises three objections to the R & R. Because the resolution of Wheeler's first objection could be dispositive, the Court only addresses that objection at this time. Wheeler argues that the Magistrate Judge erred in her analysis of the ALJ's decision because substantial evidence does not support the ALJ's decision not to incorporate Wheeler's need to use a cane at all times while bending and stooping into Wheeler's residual functional capacity ("RFC"). In support of that argument, Wheeler claims that the ALJ did not give proper consideration to his treating physician's[1] opinion and to the vocational expert's opinion.

The ALJ in this case determined that Wheeler:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to frequent use of his right upper extremity (dominant) for pushing/pulling. The claimant is limited to standing/walking for 2 hours and **requires use of a cane for ambulation**. The claimant must never climb ladders, ropes, or scaffolds, and never crawl. He is further limited to occasionally climbing ramps and stairs, balancing, kneeling, stooping and crouching. The claimant must avoid concentrated exposure to temperature extremes, humidity, and hazards.

(Social Security Admin. R., ECF No. 9-2, at 37 (emphasis added).) In determining Wheeler's RFC, the ALJ gave significant weight to Dr. Graves' medical opinions. However, the ALJ did not incorporate Dr. Graves' finding that Wheeler required the use of a cane at all times for

---

1. Dr. Travis Graves was Wheeler's treating physician.

walking or for bending and stooping. (*See* Social Security Admin. R., ECF No. 9-11, at 44.) The ALJ's failure to incorporate that limitation into the RFC was significant because, according to the vocational expert who testified at Wheeler's hearing, if Wheeler had to use a cane "for walking or moving around all the time then it can eliminate all the jobs." (*See* Social Security Admin. R., ECF No. 9-2, at 73.)

It is well settled that the RFC determination is a legal conclusion left for the ALJ. *See* 20 C.F.R. § 404.1527(d)(2). Thus, the ALJ can give weight to some medical evidence, while disregarding other medical evidence, when determining a claimant's RFC. *See Bacnik v. Colvin*, No. 1:12-CV-801, 2014 WL 3547387, at *4 n.7 (M.D.N.C. July 17, 2014). However, "'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). Thus, the ALJ must "'build an accurate and logical bridge from the evidence to his conclusion.'" *Id.* (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

The Magistrate Judge appears to recognize that the ALJ might not have adequately explained why she did not include Dr. Graves' bending and stooping limitation in Wheeler's RFC. Although the Magistrate Judge recommends that the Court should conclude that the ALJ gave proper consideration to Dr. Graves' opinion and the vocational expert's opinion, she alternatively recommends that the Court consider the ALJ's failure to explain that omission as harmless error because the ALJ did limit Wheeler to occasional stooping in his RFC. Moreover, the Magistrate Judge states that Wheeler has not explained how incorporating the use of a cane at all times while bending and stooping would make a difference in the ALJ's RFC determination.

The Court respectfully disagrees because the RFC's stooping limitation does not include the required use of a cane at all times while stooping. The ALJ failed to explain why she determined that Wheeler required the use of a cane to ambulate, but did not require the use of a cane at all times **for bending and stooping** as specified by Dr. Graves. As a result, the Court is unable to determine whether the ALJ's decision not to incorporate the "use of a cane at all times while bending and stooping" limitation into Wheeler's RFC was supported by substantial evidence. This inclines the Court to remand to the Commissioner for further explanation of whether or not Wheeler's RFC should reflect Dr. Graves' opinion that Wheeler requires the use of a cane at all times for walking **or for bending and stooping**. *See* 42 U.S.C. § 405(g).

Wheeler argues that the Court should not remand the case but instead award benefits. Such an award would be premature because it remains unclear whether Wheeler's RFC should incorporate Dr. Graves' opinion as to use of a cane while bending and stooping. If the ALJ determines that the RFC should include such a limitation, the ALJ must then pose a revised hypothetical to a vocational expert. The only question before this Court is whether the ALJ's decision was supported by substantial evidence, and the Court has concluded that it was not.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Wheeler's first objection is **SUSTAINED**. Accordingly, the Court **REJECTS** the R & R, **VACATES** the ALJ's decision, and **REMANDS** the case back to the Commissioner for further proceedings.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 9, 2017**
**Charleston, South Carolina**